## AFFIDAVIT OF SPECIAL AGENT TERRENCE DUPONT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, TERRENCE DUPONT, having been duly sworn, do hereby depose and state as follows:

1. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since April 2013. I am currently assigned to the Economic Crimes squad with the Boston Division of the FBI. Prior to this assignment, I spent two years on the Health Care Fraud squad and four and a half years on the Philadelphia Division's Public Corruption squad. During my time in the FBI, I have participated in investigations relating to mail and wire fraud, money laundering, and aggravated identity theft. I have also been the affiant on numerous complaint and search warrant applications.

2. I submit this affidavit in support of an application for a seizure warrant, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 981(b)(2), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(f), as incorporated by 28 U.S.C. § 2461(c), for the following funds held in accounts in the name of PRISCILA BARBOSA:

    a. All Bitcoin held by Coinbase in or on behalf of Coinbase Wallet 5e712d73ab119524fe9d67ac (the "67ac Wallet").[1]

3. As set forth in more detail below, in the Superseding Indictment, *see* 21-cr-10158-MLW, Dkt. 102 (a copy attached hereto at Exhibit 1), and in my affidavit in support of the seizure warrants that this Court issued on July 17, 2021 (the "Prior Affidavit") (a copy attached hereto at Exhibit 2), an ongoing investigation has connected BARBOSA with a scheme to create fraudulent driver accounts with rideshare and delivery services companies ("Rideshare/Delivery

---

[1] Coinbase is a cryptocurrency exchange platform that allows users to buy cryptocurrency using a bank account or credit card and to transfer or sell cryptocurrency. Coinbase maintains "hosted wallets" in which users store cryptocurrency, similar to bank accounts.

Companies") and to rent or sell the accounts to individuals who might not otherwise qualify to drive for those services.

4.   This affidavit is based on my personal knowledge, information provided by other law enforcement officers and government employees, information provided by bank personnel, and my review of police reports and other records. This affidavit is not intended to set forth all of the information that I have learned during this investigation but includes only the information necessary to establish probable cause for the requested seizure warrants.

## PROBABLE CAUSE

5.   As set forth below, and in Exhibit 1 attached hereto, there is significant evidence that BARBOSA conspired with others to create fraudulent driver accounts and to rent or sell those accounts in order to obtain money and property. BARBOSA and co-defendants created thousands of fraudulent driver accounts with the Rideshare/Delivery Companies and received payments in connection to these accounts from the Rideshare/Delivery Companies directly, from individuals who rented or purchased these accounts, and/or from each other, based on their roles in the scheme. Accordingly, the Superseding Indictment charged BARBOSA with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.

6.   As described in more detail in the Superseding Indictment, based on my training and experience and this investigation to date, I believe that the driver accounts that BARBOSA created were in fact fraudulent. In connection with this fraudulent scheme, BARBOSA used the names, driver's license images and information, and/or Social Security numbers of individuals who were not the drivers to register accounts with the Rideshare/Delivery Companies for drivers. BARBOSA also falsified photographs and documents, such as vehicle insurance documents, in order to open and maintain these accounts. BARBOSA's activities caused the Rideshare/Delivery

Companies to generate official tax documents in the names of victims for income those victims never earned. To date, investigators have identified more than 2,000 individuals whose identities were stolen and used as part of the scheme.

7. BARBOSA maintained a checking account, checking account ▮▮▮▮ 7732 (the "7732 Account") at Bank of America. As explained in more detail in the Prior Affidavit, I have probable cause to believe that all funds deposited into the 7732 Account between June 12, 2019 and June 11, 2021 were proceeds of fraudulent driver accounts and related activity. On July 17, 2021, the Court issued a warrant authorizing the government to seize all funds remaining in the 7732 Account.

8. BARBOSA also maintained the 67ac Wallet, in which she held Bitcoin. As of June 8, 2021, the 67ac Wallet held a closing balance of 0.94992414 Bitcoin. As explained in more detail in the Prior Affidavit, I have probable cause to believe that all purchases of Bitcoin into the 67ac Wallet had been made using exclusively proceeds of fraud. On July 17, 2021, the Court issued a seizure warrant for up to 0.94992414 Bitcoin in the 67ac Wallet.

9. When I contacted Coinbase regarding the seizure warrant, Coinbase notified me that the 67ac Wallet held a larger amount of Bitcoin than the amount specified in the seizure warrant. The government therefore did not execute the seizure warrant at that time.

10. Updated information that the government subsequently obtained from Coinbase reflected that, on June 29, 2021, the 67ac Wallet purchased 0.27387470 Bitcoin for $9,805.54. As of July 27, 2021, the 67ac Wallet held a closing balance of 1.22379884 Bitcoin. Coinbase indicated that it has frozen the 67ac Wallet.

11. The government obtained updated account statements from Bank of America reflecting activity for the 7732 Account through July 13, 2021. The updated statements indicate

that, on June 30, 2021, $10,000 was transferred from the 7732 Account to the 67ac Wallet. I understand that holders of Coinbase wallets can purchase cryptocurrency using linked bank accounts, and that Coinbase does not immediately receive cash transfers from bank accounts at the time the cryptocurrency is purchased. Based on the amounts and timing of the Bitcoin purchase and the cash transfer, I have probable cause to believe that the $10,000 transferred from the 7732 Account was used for the purchase of the 0.27387470 Bitcoin into the 67ac Wallet.

12. Because the 7732 Account received no inflows between June 11, 2021 (the end date of the prior bank statements) and June 30, 2021 (the date of the transfer), I have probable cause to believe that the entire $10,000 transferred on June 30, 2021 constituted proceeds of fraud that had been deposited into the 7732 Account.

13. Therefore, based on this updated information from Coinbase and Bank of America, I have probable cause to believe that the entire balance of Bitcoin in the 67ac Wallet constitutes proceeds traceable to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and that the entire balance is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

14. This Court has authority to issue seizure warrants pursuant to 18 U.S.C. § 981(b)(2), which states that "[s]eizures pursuant to this section shall be made pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure." This Court also has authority to issue the requested seizure warrants pursuant to 21 U.S.C. § 853(f), as incorporated by 28 U.S.C. § 2461(c), which authorizes "the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant."

15.     This Court has jurisdiction to enter the requested seizure warrant in the District of Massachusetts because a forfeiture action may be filed in this District.  *See* 28 U.S.C. § 1355 ("A forfeiture action or proceeding may be brought in— (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or (B) any other district where venue for the forfeiture action or proceeding is specifically provided for …"); Fed. R. Crim. P. 41(b) (magistrate judge has authority to issue a warrant to seize property "located in the district" and, "in any district where activities related to the crime may have occurred[, to] issue a warrant for property that is located outside the jurisdiction of any state or district….").

16.     A restraining order, pursuant to 21 U.S.C. § 853(e), will not be sufficient to preserve the assets in question given the ease with which funds may move out of the accounts via wire transfer, electronic funds transfer, or otherwise, and despite best intentions, financial institutions cannot guarantee that money restrained, but not seized, will be available for forfeiture at a later time.

## CONCLUSION

17.     Based on the foregoing, probable cause exists that all Bitcoin in the 67ac Wallet are proceeds traceable to conspiracy to commit wire fraud and are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Sworn to under the pains and penalties of perjury.

_____
TERRENCE DUPONT
Special Agent
Federal Bureau of Investigation

Subscribed and sworn by telephone in accordance with Fed. R. Crim. P. 4.1
on September **Sep 3, 2021**, 2021.

_____
Honorable Judith Gail Dein
United Sates Magistrate Judge